UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| A.F. of L. – A.G.C. BUILDING TRADES WELFARE PLAN, individually and on behalf of itself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>FOREST LABORATORIES, LLC,<br><br>        Defendant. | C.A. No. _____<br><br>**NOTICE OF REMOVAL**<br><br>**JURY TRIAL DEMANDED** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Forest Laboratories, LLC ("Forest") hereby invokes this Court's jurisdiction and removes the action titled *A.F. of L. – A.G.C. Building Trades Welfare Plan v. Forest Laboratories, LLC*, currently pending in the Supreme Court of the State of New York, New York County: Commercial Division, Index No. 650896/2020 (the "State Action"), to the United States District Court of the Southern District of New York.

Removal is appropriate for the following reasons:

**STATEMENT OF THE CASE**

**I.    Procedural Background**

1. On February 7, 2020, plaintiff A.F. of L. – A.G.C. Building Trades Welfare Plan ("Plaintiff") filed this State Action in the Supreme Court of the State of New York, New York County: Commercial Division.

2. On February 11, 2020, Plaintiff amended the State Action summons and served Forest with a copy of the complaint and summons via its registered agent in New York.

3. True and correct copies of all state court process, pleadings, and orders served on Forest in connection with the State Action are attached collectively hereto as **Exhibit 1**. *See* 28 U.S.C. § 1446(a).  A true and correct copy of the docket in the State Action is attached hereto as **Exhibit 2**.

4. This Notice of Removal is timely because it is filed within thirty days of service of the summons and initial pleadings. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999); 28 U.S.C. § 1446(b).

5. Pursuant to 28 U.S.C. § 1446(d), Forest will promptly notify Plaintiff in writing of the filing of this Notice of Removal.

6. Pursuant to 28 U.S.C. § 1446(d), Forest will also promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, New York County: Commercial Division.

## II.    Citizenship of the Parties

7. There is one plaintiff in this action:  A.F. of L. – A.G.C. Building Trades Welfare Plan.

8. Plaintiff alleges that "Plaintiff A.F. of L.-A.G.C. Building Trades Welfare Plan . . . is a self-insured health and welfare benefit plan with its principal place of business in Mobile, Alabama." Ex. 1 at 7.

9. There is one defendant in this action:  Forest Laboratories, LLC.

10. Forest Laboratories, LLC merged with and into Allergan Sales, LLC, whose address is 5 Giralda Farms, Madison, New Jersey 07940. Allergan Sales, LLC's members are citizens of California and Delaware.

### III. Amount in Controversy

11. Plaintiff alleges that "Forest's unlawful tactics to prevent or delay a less expensive generic version of Namenda IR from timely entering the market resulted in damages of over $2 billion to consumers and third-party payors who purchased the drug." Ex. 1 at 3.

## SUBJECT MATTER JURISDICTION AND BASIS FOR REMOVAL

### I. Removal Jurisdiction and Venue

12. Removal of this action from the Supreme Court of the State of New York is proper under 28 U.S.C. § 1441(a) because this Court would have had original jurisdiction of the action on the basis of diversity of citizenship had the action originally been brought in this Court under the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. §§ 1332(d)(2), 1453(b).

13. CAFA extends federal jurisdiction to all putative class actions in which (a) there are one hundred or more members of the proposed class; (b) there is minimal diversity, meaning at least one member of the proposed class is a citizen of a state different from any defendant, and (c) the aggregated claims of the individual class members exceed the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(2), (5), and (6). This action satisfies all of these requirements.

14. Venue for this removal is appropriate pursuant to 28 U.S.C. § 1441(a) because this Court's jurisdiction embraces the place where the State Action is pending—the Supreme Court of the State of New York, New York County: Commercial Division.

## II. CAFA Jurisdiction

### A. Number of Putative Class Members

15. Plaintiff alleges that there are "hundreds of thousands, if not millions of consumers, and thousands of third-party payors" in the putative class. Ex. 1 at 30.

### B. Minimal Diversity of Citizenship

16. Removal is proper under 28 U.S.C. § 1441(a) because the Court has original jurisdiction over this class action based on minimal diversity of citizenship under 28 U.S.C. § 1332(d)(2).

17. A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

18. "[A] limited liability company . . . takes the citizenship of each of its members." *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

19. Plaintiff's principal place of business is Mobile, Alabama and thus Plaintiff is a citizen of Alabama. Whether Plaintiff is a citizen of any other State is unknown to Forest.

20. Forest is a citizen of California and Delaware.

21. There is diversity as required by 28 U.S.C. § 1332(d)(2) because Plaintiff is "a citizen of a State different" from Forest. Further, Plaintiff alleges that there are putative class members across the United States and its Territories "except Indiana and Ohio." Ex. 1 at 30.

### C. Amount in Controversy

22. Because Plaintiff alleges more than $2 billion in damages, the amount in controversy alleged by Plaintiff satisfies the $5,000,000 amount in controversy requirement required under 28 U.S.C. § 1332(d)(2).

**CONCLUSION**

WHEREFORE, Forest removes the matter captioned *A.F. of L. – A.G.C. Building Trades Welfare Plan v. Forest Laboratories, LLC*, Index No. 650896/2020 from the Supreme Court of the State of New York, New York County: Commercial Division, to the United States District Court of the Southern District of New York.

Dated: February 28, 2020

Respectfully submitted,

*/s/ Martin M. Toto*

Martin M. Toto
Kristen O'Shaughnessy
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200

**Counsel for Defendant Forest Laboratories, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2020, I caused true and correct copies of this Notice of Removal and all related documents to be served by U.S. Mail, postage prepaid, and Electronic Mail upon:

>Michael M. Buchman
>777 Third Avenue, 27th Floor
>New York, NY 10017
>mbuchman@motleyrice.com
>
>*Attorney for the Plaintiff*

>>/s/ *Daniel J. Grossbaum*
>>Daniel J. Grossbaum