# WHITE & CASE

*[Handwritten annotations by Judge McMahon:]*

*3/4/2020 Extension granted*

*Oh, I fully intend to consolidate and put all the actions on the same schedule. This is a "try every new case on the same actor in the treatment scheduled" draft order of trouble myself something. If you will send me a draft order I won't spare me the trouble of drafting something. But is on my list. DO IT. WDM*

March 4, 2020

**VIA ECF**

The Honorable Colleen McMahon
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2550
New York, New York 10007-1312

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

Re: *A.F. of L. – A.G.C. Building Trades Welfare Plan v. Forest Laboratories, LLC*, No. 1:20-cv-01799 [rel. 1:15-cv-06549] (S.D.N.Y.) – Request for Extension of Time to Answer or Move to Dismiss and Consolidation with *In re Namenda Indirect Purchaser Antitrust Litig.*, No. 1:15-cv-06549-CM-RWL (S.D.N.Y.)

Dear Judge McMahon:

**MEMO ENDORSED**

A.F of L. – A.G.C. Building Trades Welfare Plan ("AGC") filed a class action complaint against Forest Laboratories, LLC ("Forest") in New York state court, alleging substantially similar conduct as alleged in *In re Namenda Indirect Purchaser Antitrust Litigation*, No. 1:15-cv-06549-CM-RWL (S.D.N.Y.) (the "Consolidated Action"). Forest removed the state court action to this Court on February 28, 2020. *A.F. of L. – A.G.C. Building Trades Welfare Plan v. Forest Laboratories, LLC*, No. 1:20-cv-01799 (S.D.N.Y.) (the "AGC Action").

Forest respectfully requests that this Court consolidate the AGC Action with the Consolidated Action, and grant Forest a 30-day extension to answer or move to dismiss, until April 6, 2020. AGC has consented to Forest's request for a 30-day extension to file Forest's answer or motion to dismiss.

## I. The AGC Action Should be Consolidated with *In re Namenda Indirect Purchaser Antitrust Litigation*

The AGC Action alleges essentially the same conduct against Forest with respect to Namenda that is alleged in the Consolidated Action—a "hard switch" from Namenda IR to Namenda XR and an illegal reverse payment related to Namenda IR. The AGC Action also seeks to certify a similar class of indirect patient and health plan payors. Forest therefore asks this Court to consolidate the AGC Action with the Consolidated Action under Federal Rule of Civil Procedure 42, as the Court did with the case filed by MSP Recovery Claims. *See* Revised Master Order, Consolidated Action (Dec. 10, 2019), ECF No. 314. Forest additionally requests that this Court place the AGC Action on the same schedule as the Consolidated Action, as Forest should not be faced with duplicative motions for class certification, summary judgment, and trial over similar claims, and that the same limitations as in the Consolidated Action be entered as to AGC regarding the use of DPP expert reports and duplicative discovery from Forest in light of the extensive discovery already taken. *See* Consolidated Action, ECF Nos. 314, 359.

Consolidation would not prejudice AGC. This is not the first time that AGC has filed a complaint relating to Namenda: AGC filed a similar complaint in this Court in June 2015. *See*

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/5/2020

*A.F. of L. – A.G.C. Building Trades Welfare Plan v. Actavis, plc*, No. 1:15-cv-04406-CM (S.D.N.Y.). That complaint also alleged that Forest entered into unlawful patent settlement agreements with generic manufacturers and engaged in a "hard switch." AGC voluntarily dismissed that case prior to Forest responding, and prior to providing any discovery to Forest. AGC's reemergence with similar claims nearly 5 years later in state court should not restart the clock for AGC.

## II. Forest Requests an Extension to File Its Answer or Move to Dismiss AGC's Complaint, Which Includes Claims Already Rejected By This Court in the Consolidated Action

Pursuant to Federal Rule of Civil Procedure 81(c)(2), Forest's deadline to answer or move to dismiss is currently Friday, March 6, 2020—7 days after the Notice of Removal was filed. Forest respectfully requests that this Court grant Forest a 30-day extension to file Forest's answer or to move to dismiss, to April 6, 2020. AGC has consented to Forest's request for a 30-day extension. No prior requests for an extension of Forest's answer or motion to dismiss have been made in this Court. However, plaintiff AGC and Forest previously agreed on a 60-day extension for Forest's answer in the state court action, until May 1, 2020. The state court granted that extension. *See* Exhibit 1 at 57, AGC Action, ECF No. 1.

While AGC's claims are similar to those in the Consolidated Action, they are not identical. For example, AGC brings claims only under New York state law, including a claim under New York's consumer protection law, N.Y. Gen. Bus. L. § 349. But a similar claim under the New York consumer protection law was dismissed by this Court in connection with SBF's complaint in the Consolidated Action. *See Sergeants Benevolent Ass'n Health & Welfare Fund v. Actavis, plc*, No. 1:15-cv-06549-CM-RWL, 2018 U.S. Dist. LEXIS 220574, at *130 (S.D.N.Y. Dec. 26, 2018). AGC also alleges sham lawsuits regarding Forest's Namenda patent litigations with generic manufacturers, which this Court already found to be "frivolous" in the Consolidated Action. *See* Order at 7-10, Consolidated Action (Dec. 2, 2019), ECF No. 308.

Accordingly, Forest reserves the right to address these claims, and any other differences from the Consolidated Action, in a motion to dismiss. Forest's request for a 30-day extension to answer or move to dismiss AGC's complaint, if granted, would not affect any other scheduled dates, as Forest fully intends to move forward with discovery while the motion to dismiss briefing and decision are pending.

Respectfully submitted,

**Martin M. Toto**

T +1 (212) 819-8200
E mtoto@whitecase.com

WHITE & CASE

The Honorable Colleen McMahon
March 4, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2020, I caused true and correct copies of this Request for Extension of Time to Answer or Move to Dismiss and Consolidation with *In re Namenda Indirect Purchaser Antitrust Litig.*, No. 15-cv-06549-CM-RWL (S.D.N.Y.) to be served by U.S. Mail, postage prepaid, and Electronic Mail upon:

> Michael M. Buchman
> 777 Third Avenue, 27th Floor
> New York, NY 10017
> mbuchman@motleyrice.com
>
> *Attorney for the Plaintiff*

/s/ *Daniel J. Grossbaum*
Daniel J. Grossbaum

3